**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES FIDELITY & GUARANTY COMPANY and AMERICAN HOME ASSURANCE,**

        Plaintiffs,

- against -

**BRASPETRO OIL, et al.,**

        Defendants.

**97 Civ. 6124 (JGK)**

**OPINION & ORDER**

---

**UNITED STATES FIDELITY & GUARANTY COMPANY and AMERICAN HOME ASSURANCE,**

        Plaintiffs,

- against -

**PETROLEO BRASILEIRO S.A. - PETROBRAS, et al.,**

        Defendants.

**98 Civ. 3099 (JGK)**

**OPINION & ORDER**

---

**JOHN G. KOELTL, District Judge:**

The firm of Cameron & Horbostel (C & H) moves for various relief.

First, C & H moves to withdraw as counsel for defendants Petroleo Brasileiro S.A. – Petrobras and Braspetro Oil Services Company (the "defendants"). This motion is unopposed and the defendants have retained the firm of Squire, Sanders & Dempsey

L.L.P. to represent them. The motion is therefore granted and Squire, Sanders & Dempsey is substituted as counsel for the defendants.

Second, C & H moves that the Court fix a charging lien pursuant to N.Y. Judiciary Law § 475 and direct that the lien be satisfied out of the proceeds of any judgment or settlement reached in these actions.

It is plain that C & H has a lien on the causes of action by the defendants pursuant to § 475 and that this lien is in the amount of the attorneys' fees and costs that are owed to C & H. See Petition of Rosenman & Colin, 850 F.2d 57, 61-64 (2d Cir. 1988); In re De Berry, 59 B.R. 891, 897-98 (E.D.N.Y. 1986). This Court previously found that the amount of fees and the contingent fee arrangement originally sought by C & H were reasonable. See U.S. Fidelity & Guar. v. Braspetro Oil, 226 F.Supp.2d 459, 463 (S.D.N.Y. 2002), vacated in part on other grounds, 369 F.3d 34 (2d Cir. 2004). Indeed, even in the opposition papers the representative of the client does not dispute the reasonableness of the success fee arrangement and describes the recent concerns by C & H as to the payment of fees "unfounded concerns regarding payment of fees that were not yet due or agreed upon…." (Declaration of Esio Costa Junior dated June 13, 2005, ¶ 23.) The reduced rates charged by C & H and the 20% success fee are plainly set out in the documents presented to the Court. (Notice

of Motion to Withdraw as Counsel, dated May 26, 2005 "Motion to Withdraw"), Exs. 1, 2, 3.)

The objections to setting a charging lien are without merit. The defendants allege that the Court lacks jurisdiction for a variety of reasons. They allege that there is a forum selection clause in a July 2003 contract between the parties. (Contract Between Braspetro Oil Services Company - Brasoil and Cameron and Hornbostel LLP ("Retainer Agreement") ¶ 16, attached at Ex. 2 to Motion to Withdraw.) That contract does not remove jurisdiction to set the charging lien. First, the forum selection clause relates to "questions arising out of this Contract." (Id.) The dispute over whether to enter the charging lien does not arise out of the 2003 contract. The charging lien is separate from the contract and arises under New York law relating to services rendered in connection with the two litigations in this Court. Moreover, the 2003 contract was entered into after the bulk of the services in this seven year litigation were already provided and the Court had already determined that C & H were entitled to a substantial attorneys' fee. At most, the forum selection clause would apply to disputes relating to services over the period of that Contract if there were a dispute with respect to a specific provision of that Contract. The prior agreement between the parties dated May 9, 1997, pursuant to which the bulk of the work was performed, contains no forum selection clause and no

3

indication that disputes were to be litigated in Brazil.  (Motion to Withdraw, Ex. 1.)

The defendants also allege that this Court lacks subject matter jurisdiction over this dispute and jurisdiction over the defendants because of the Foreign Sovereign Immunities Act.  This argument is without merit.  The Court has jurisdiction over the dispute pursuant to supplemental jurisdiction. <u>See</u> <u>Itar-Tass Russian News Agency v. Russian Kurier, Inc.</u>, 140 F.3d 442, 445-53 (2d Cir. 1998).  The FSIA does not bar jurisdiction over the defendants because the defendants are properly parties to this litigation for the reasons already found by this Court and affirmed by the Court of Appeals for the Second Circuit, and the charging lien is integrally related to the claims already adjudicated in this litigation. <u>See U.S. Fidelity & Guar. v. Braspetro Oil</u>, 199 F.3d 94, 98-99 (2d Cir. 1999); <u>Itar-Tass</u>, 140 F.3d at 445-53.  Moreover, the activity at issue is a private contract with C & H for services in the United States, and therefore falls within the "commercial activity" exception of the FSIA and is not entitled to sovereign immunity. <u>See</u> 28 U.S.C. § 1605(a)(2); <u>Weltover, Inc. v. Republic of Argentina</u>, 941 F.2d 145, 149-53 (2d Cir. 1991); <u>Leterlier v. Republic of Chile</u>, 748, F.2d 790, 796-97 (2d Cir. 1984); <u>Texas Trading & Milling Corp. v. Federal Republic of Nigeria</u>, 647 F.2d 300, 308-13 (2d Cir. 1981)

4

(finding private contract for goods or services causing a direct effect in United States falls within commercial activity exception to FSIA). Indeed, for the reasons that the FSIA previously did not bar jurisdiction over the defendants in U.S. Fidelity & Guar. v. Braspetro Oil, litigation concerning the defendants' contracting with C & H for services to enforce the rights at issue in that litigation clearly falls within the commercial activity exception to the FSIA. See U.S. Fidelity & Guar., 199 F.3d at 98-99; Texas Trading, 647 F.2d at 308.

Because there are some disputes with respect to the exact amount of the charging lien – although, based on the thin papers submitted by the defendants, the disputes do not appear to be substantial – the exact amount to be paid to C & H should be referred to the Magistrate Judge for a determination of the amount of the lien. The proposed order by C & H does not actually provide for the exact amount of the lien. However, the amount of the lien should not delay the settlement of the underlying litigation given its age, the prior determination of the Court of Appeals for the Second Circuit, and the relatively small amount that the charging lien would constitute compared to the amount of the judgment to be paid by the Sureties. Therefore, an amount should be paid into the registry of the Court upon payment of the Judgment by the Sureties to the

defendants to be held for the satisfaction of the charging lien. The papers indicate that, as of May 4, 2005, the amount of the charging lien sought by C & H was $13,762,104.75. (Motion to Withdraw, Ex. 5.) Therefore, this amount should be paid into the Registry of the Court when the Sureties pay the Judgment to the defendants to await resolution of the exact amount of the charging lien. The settlement between the Sureties and the defendants can then proceed with the appropriate releases.

C & H should submit an order on two days notice.

**SO ORDERED.**

**Dated:** **New York, New York**
**July 23, 2005**

John G. Koeltl
United States District Judge